**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

No. 08-8193

———————

DWAYNE L. JOHNSON,

                    Petitioner - Appellant,

          v.

VIRGINIA DEPARTMENT OF CORRECTIONS, Director,

                    Respondent - Appellee.

———————

Appeal from the United States District Court for the Eastern
District of Virginia, at Norfolk.   Mark S. Davis, District
Judge.  (2:07-cv-358)

———————

Submitted:  July 30, 2009          Decided:  August 3, 2009

———————

Before MOTZ, KING, and DUNCAN, Circuit Judges.

———————

Dismissed by unpublished per curiam opinion.

———————

Dwayne L. Johnson, Appellant Pro Se.  Leah A. Darron, OFFICE OF
THE ATTORNEY GENERAL OF VIRGINIA, Richmond, Virginia, for
Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dwayne L. Johnson seeks to appeal the district court's order accepting the recommendation of the magistrate judge and denying relief on his 28 U.S.C. § 2254 (2006) petition. The order is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1) (2006). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2006). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). We have independently reviewed the record and conclude that Johnson has not made the requisite showing. Accordingly, we deny a certificate of appealability, deny leave to proceed in forma pauperis, and dismiss the appeal.

Johnson also attached to his informal brief a 28 U.S.C. § 2244 (2006) motion to file a successive 28 U.S.C. § 2254 petition. To the extent Johnson was attempting to file a § 2244 application, it is premature as to the claims that are the subject of his first § 2254 petition and are pending on

2

appeal. To the extent he is attempting to seek permission to file new claims in a second § 2254 petition, his claims do not satisfy the criteria to grant a § 2244 motion. In order to obtain authorization to file a successive § 2254 petition, a prisoner must assert claims based on either: (1) a new rule of constitutional law, previously unavailable, made retroactive by the Supreme Court to cases on collateral review; or (2) newly discovered evidence, not previously discoverable by due diligence, that would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the petitioner guilty of the offense. 28 U.S.C. § 2244(b)(2). Johnson's claims do not satisfy either of these criteria. Therefore, we deny authorization to file a successive § 2254 petition.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

3